INDIAN REFINING COMPANY *v.* MAXAM.

[No. 15,295. Filed July 1, 1936.]

*Embree & Baltzell,* for appellant.

*McDonald & McDonald,* for appellee.

BRIDWELL, J.—From May 1, 1929, to July 31, 1931, appellee was the agent of appellant, in charge of its plant located at Patoka, Indiana, and engaged in the business of selling gasoline, oil, and other commodities for appellant, as such agent.

This action was brought to recover various amounts aggregating $872.10, alleged to be due appellee from appellant by reason of oral contracts between them relating to the refund of commissions withheld on account of overextension of credit to a customer, and to commissions for collecting accounts due and owing to appellant from certain of its customers. In addition to these items, recovery was sought for storing personal property; for

the value of certain tanks of appellee, held and used by appellant; for service performed in hauling property of appellant to Evansville, Indiana, at its request; for services performed in making a "hook-up" of certain pumps and tanks at appellant's request, and for an amount alleged to have been retained by appellant from commissions due to appellee. The complaint was answered by a general denial. In addition to its answer, appellant also filed its cross-complaint against appellee, alleging therein that appellee became indebted to it "upon a balance of mutual accounts," in the sum of $122.90, and demanding judgment for that amount with interest from July 31, 1931. Exhibit A to the cross-complaint, which is made a part of the same by reference, is an itemized statement showing, among other things, charges against appellee of various accounts, and charges for "overextension of credit" to certain individuals. Appellee filed answer in general denial to the cross-complaint. Upon the issues thus formed, the cause was submitted to the court for trial which resulted in a finding for appellee on his complaint that he is entitled to recover the sum of $672.37, and costs, and for appellee on the cross-complaint "that the defendant take nothing therein." Judgment was rendered in accordance with the finding. Appellant duly filed its motion for a new trial, assigning as causes therefor, that the decision of the court is not sustained by sufficient evidence; that the decision of the court is contrary to law; that the court erred in the assessment of the amount of damages, in this, that excessive damages were assessed; that the court erred in the assessment of the amount of recovery, in this, that the amount of recovery assessed is too large. This motion was overruled; appellant excepted, and thereafter perfected this appeal, the sole error assigned and relied upon for reversal being alleged error in overruling the motion for a new trial.

There is uncontradicted evidence to prove that appel-

lee, while acting as agent for appellant, extended credit to one customer to the extent of $800, and that a parol agreement was entered into between the parties to this appeal, whereby it was agreed that appellant might deduct and retain from amounts due and owing from appellant to appellee the sum of $100 per month until this account was protected, any amounts so deducted and retained to be paid to appellee when the customer paid his account; that the sum of $800 was so retained; that the account was paid to appellant by the party owing it, and of the amount retained under the agreement, only $323 had been paid to appellee, leaving a balance due him under this agreement of $477.

There is also evidence to prove an oral agreement whereby appellant agreed to pay to appellee a commission of 10 per cent of all amounts collected by him on accounts due and owing to appellant from customers; that pursuant to such agreement appellee made collections aggregating in amount $1,929.56, and that the commissions due him on account of said collections have not been paid.

Other evidence proves an indebtedness due from appellant to appellee for the storing and hauling of property, for tanks, for commissions withheld, and for services performed in installing pumps and tanks, in an amount more than sufficient when considered together with the other indebtedness heretofore mentioned, to equal the amount found to be due appellee by the court below. No evidence was offered to dispute or disprove the various items of indebtedness claimed by appellee. Appellant, however, contends that it was entitled to a judgment in its favor on the cross-complaint. It introduced in evidence a written contract between itself and appellee, whereby appellee, as its agent, agreed, among other things, as follows: "The Agent shall: . . . (3) Sell the products of the Company for cash, or on credit

properly authorized, and not exchange or agree to exchange the Company's products for property or merchandise for private use or account; personally pay the Company on demand (a) the sum due on any account opened by him without authority, and (b) any portion of any credit account which has been sold in excess of the credit limit placed thereon by the Company." Other conditions of the contract are: That "the Company shall have the right at its option to withhold any commissions, moneys or anything of value in its possession belonging to or due Agent, for the purpose of reimbursing itself for any amounts due hereunder from Agent at any time," that "the Company shall pay the Agent the following commissions, based on less than carload sales and transfers: (here are set out various commissions payable to the agent on products sold by him for appellant). These commissions shall be subject to deductions herein mentioned and/or counterclaims by the Company, and, after deductions therefor have been made, the resulting sum shall be in full payment for all services rendered by Agent hereunder." The cross-complaint wholly fails to plead the contract, or any violation of any of its provisions as a basis for recovery. In fact no reference of any kind to the existence of such contract is contained in said pleading. Without determining whether it was admissible in evidence (a question not presented), we have considered it together with all the other evidence in the cause for the purpose of ascertaining whether or not the decision is sustained by sufficient evidence, or is contrary to law. It does not appear in appellant's condensed recital of the evidence as set forth in its brief that any of the accounts mentioned in Exhibit A of its cross-complaint were opened by appellee without authority; nor does it appear in such recital that *appellee*, with knowledge of a limitation of the amount of credit, extended credit to any

person beyond a limit imposed by appellant. The date when any overextension of credit by appellee to any person was made, is not given, if in fact there was such overextension. The written contract introduced in evidence was effective between the parties hereto only from April 1st to July 31, 1931, and appellant's recital of the evidence entirely fails to show that appellee opened any accounts or extended credit beyond a limit fixed by appellant for any customer within the period of time while this contract was operative.

We are of the opinion that the decision of the court is sustained by sufficient evidence; that it is not contrary to law; and that the amount of recovery is justified by the evidence. It follows that the court did not err in overruling the motion for a new trial.

Judgment affirmed.